

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN

AUSTIN 11, TEXAS

~~JOHN BEN SHEPPERD~~
~~ATTORNEY GENERAL~~

Honorable Tom Seay
County Attorney
Potter County
Amarillo, Texas

Dear Sir:

Opinion No. O-3005
Re: Validity of contract between
Potter County and George O. Ehrenborg
Company, appraisal engineers.

In your letter of December 21, 1940, you request our opinion as to whether a certain contract made between George O. Ehrenborg Company, as first party, and the City of Amarillo, the Board of Trustees of Amarillo Independent School District, and the Commissioners' Court of Potter County, Texas, as second parties, made on October 8, 1940, is a valid and binding obligation as between Ehrenborg and Potter County.

The obligations under the contract relate to all of the territory embraced in the boundaries of Amarillo Independendent School District in Potter County and in your letter you advise that about 90% of the ad valorem taxes collected in Potter County comes from the affected area. In the agreement, among other things, first party is required to prepare sectional maps, to furnish the services of experts in building valuation methods who will measure and describe buildings and improvements upon lots and parcels in the territory involved, applying factors of valuation and depreciation for each, based upon the fair market cost of new reporduction, with specific depreciation, if any, expressed in one percentage the consideration of mechanical deterioration, obsolescence, age and lack of utility, and to tabluate information and data for each building. First party is also required to furnish the services of experts in the valuation of personal property and equipment commonly used for public utilities and indistrial plants, and to make appraisal of all such property and equipment.

Records of such work are to be made available to the county and first party agrees that its experts will furnish instruction to the tax assessor in the present use of the methods of valuation and computation so that the system installed may be continued and kept up-to-date in the future.

Paragraph 2 of said contract reads as follows:

"The party of the first part agrees to furnish the services of experts in land valuation methods who will, with the help of a local board, furnished at no cost to party of the first part by the parties of the second part, ascertain the valuations of each single street to the lots and parcels of land fronting thereon. This having been done, the experts will compute the valuation of all lots and parcels accurately and proportionately and truly according to such unit foot valuations, and take in consideration depreciation for bad location, creeks, overflow, etc. This survey not to cover farm lands."

For such services the three parties of the second part agree to pay first party the sum of $9,500.00 in installments. It is unnecessary for us to set out the contents of the conttact in any more detail than above, since we believe that the quoted provision of the contract renders it invalid.

There is no controlling difference between said paragraph 2 of the contract in question and paragraph 4 of the contract involved in the case of Marquart v. Harris County, 117 S.W. (2d) 494, by the Galveston Court of Civil Appeals. From the opinion of the court in that case we quote as follows:

"While the Commissioners' Court may validly employ 'skilled experts' to value for taxation purposes property in special instances, where technical equipment is required, since this contract -- by its express terms--embraces a valuation of the entire taxable property of Harris County, as reflected by its tax records, it necessarily supersedes the powers, duties, and functions of the tax assessor and collector, and since those duties are devolved by law upon him, such an attempted employment by that body of other persons to, in the first instance, perform such duties instead, is an expenditure of public funds for an unauthorized purpose. • • •

"No extended discussion will be indulged in under this last-stated ground. Suffice it to say that such an apparent undertaking of a commissioners' court to itself initially revalue the entire taxable property of a county, under the guise of using the same for its own information and guidance when sitting as a Board of Equalization, does not seem to this court to square with the balanced system of relative powers and duties conferred upon that body by our laws, as comparable to the correlative ones conferred upon the county tax assessor-collector; • • •

"The authorities cited under ground (5) supra seem to make it quite clear that this contract did evidence an undertaking to in effect usurp the official privileges and obligations of the tax assessor-collector, as vouchsafed in the statutes there collated, while upon the other hand, the differing and correlative duties of the commissioners' court -- as a Board of Equalization-- are embraced within R.S., Articles 7206, 7211 and 7212. Under them it would seem never to have been contemplated that the Board of Equalization should act upon anything other than the assessments first rendered to them by the tax assessor-collector, and not initially upon their own motion. • • •"

The fact that the instant contract is confined to the territory embraced in the Amarillo Independent School District and that farm lands are excluded from its operation makes no difference in principle.

In the case of Roper v. Hall, 280 S.W. 289, the Waco Court of Civil Appeals sustained a contract made by Freestone County with Thomas Y. Pickett for the collection and assembly of information concerning oil proper- ties and the fixing of values thereon. However, it was pointed out as the basis for that holding that those services involved an extraordinary skill not possessed by the ordinary tax assessor. The power of the county commission- ers' courts to make contracts of the character involved in Roper v. Hall was recognized in the Marquart case. But, in our opinion the services required in paragraph 2 of the contract in question are not of the type dealt with in the Roper case. At least as much skill and special knowledge is required in attach- ing valuations to farm lands as in valuing a large part of city properties. To hold that the services provided for in said paragraph 2 are expert services which can be contracted for by a commissioners' court would be to wipe out the distinction recognized in Roper v. Hall, and expressly drawn and followed in Marquart v. Harris County.

The provisions of the quoted paragraph of the contract forms a major part of the consideration of the agreement, and so inseparably bound to other provisions thereof, that the entire contract must fall regardless of the validity of any such other parts. Marquart v. Harris County, supra. Hence, we rest our opinion at this point and answer your question in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Glenn R. Lewis

Glenn R. Lewis
Assistant

APPROVED JAN 23, 1941
/s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

GRL:EP:egw

APPROVED
Opinion Committee
By B W B
Chairman